CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2018 OCT 11 PM 2: 22

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF TEXAS FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:18-CR-239-A |
| | § | |
| BOBBY CAMPBELL (01) | § | |

## DEFENDANT BOBBY CAMPBELL'S MOTION FOR SEVERANCE OF THE PARTIES AND BRIEF IN SUPPORT

Under Rules 12 and 14 of the Federal Rules of Criminal Procedure, Defendant Bobby Campbell ("Mr. Campbell") files this Motion for Severance of the Parties and Brief in Support ("Motion") and would respectfully show the following:

### I.      Summary of Motion

To fulfill the paramount objective of receiving a fair trial, Mr. Campbell asks the Court to sever his trial from that of his co-defendant, Sonia Cantu ("Cantu"). Cantu gave arresting officers a post-arrest statement on or about July 11, 2018 that directly implicates Mr. Campbell in the crimes charged. Allowing the government to use Cantu's extrajudicial confession at trial, where Cantu almost certainly will not take the stand, would violate Mr. Campbell's constitutionally guaranteed right of confrontation. *See Bruton v. United States*, 391 U.S. 123 (1968). Because a joint trial of Cantu and Mr. Campbell would deprive Mr. Campbell of a fair trial and of his constitutional right to confront his accusers, Mr. Campbell respectfully requests a separate trial.

## II.      Factual and Procedural Background

On September 19, 2018, Cantu and Mr. Campbell were named in a one-count indictment ("Indictment") charging them with Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846 and §841(a)(1) and (b)(1)(B).

## III.      Argument and Authorities

Rule 14(a) of the Federal Rules of Criminal Procedure provides: "If the joinder of ... defendants in an indictment ... appears to prejudice a defendant ..., the court may ... sever the defendants' trials, ..." Fed. R. Crim. P. 14(a). Rule 14(b) provides that, before ruling on a motion to sever, "the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14(b). Under Rule 14, the court "should grant a severance ... if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 598 (1993). "The granting or denial of a Rule 14 severance is within the sound discretion of the trial court." *United States v. Scott*, 659 F.2d 585, 589 (5th Cir. 1981).

Under *Bruton*, "[a] defendant's Sixth Amendment right to confrontation is violated when (1) several co-defendants are tried jointly, (2) one defendant's extrajudicial statement is used to implicate another defendant in the crime, and (3) the confessor does not take the stand is thus not subject to cross-examination." *United States v. Restrepo*, 994 F.2d 173, 186 (5th Cir. 1993). All three elements are or could be met here: (1) Cantu and Mr. Campbell are currently set for a joint trial; (2) the government will almost certainly use Cantu's recorded confession, in which Cantu's implicates Mr. Campbell in the alleged crimes; and (3) Cantu, a convicted felon, will almost certainly not take the stand at trial and thus not be subject to necessary cross-examination.

Under *Gray v. Maryland*, 523 U.S. 185 (1998) and its progeny, even a redacted version of Cantu's statement may not cure the *Bruton* problem. *See, e.g., United States v. Nutall*, 180 F.3d 182, 188 (5th Cir. 1999) (under *Gray*, *Bruton*'s protective rule "applies to a non-testifying co-defendant's confession when the redacted confession replaces the defendant's name with an obvious deletion."). Thus, unless the government stipulates that it will not seek to use Cantu's confession at trial for any reason, a *Bruton* problem looms and makes a severance appropriate and prudent.[1]

## IV.    Conclusion and Prayer

Mr. Campbell acknowledges that "it is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'" *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)). But even if trying Cantu and Mr. Campbell together would save time and judicial resources, the paramount objective of the court is to provide a fair trial for the litigants. This objective cannot be accomplished if Mr. Campbell is unfairly and unduly prejudiced by evidence that would otherwise be inadmissible. Therefore, Mr. Campbell respectfully requests for a separate trial to avoid prejudice to Mr. Campbell from the continued joinder and further requests such further relief to which he may be entitled.

---

[1] Moreover, Cantu's confession is not admissible as a coconspirator's statement under Rule 801(d)(2)(E) because it was made during a custodial interrogation after the alleged crimes were committed and the alleged conspiracy had run its course. *See, e.g., United States v. Alonzo*, 991 F.2d 1422, 1425-26 (8th Cir. 1993) (post-arrest confessions or statements incriminating others by one coconspirator are generally not made in furtherance of a conspiracy; coconspirator's in-custody identification of cocaine source was not admissible against other conspirators under Rule 801(d)(2)(E)). Nor would Cantu's confession be admissible under the "against penal interest" exception to the hearsay rule. *See, e.g., Lilly v. Virginia*, 527 U.S. 116, 134 (1999) (plurality op.) ("accomplices' confessions that inculpate a criminal defendant *are not within a firmly rooted exception to the hearsay rule* as that concept has been defined in our Confrontation Clause jurisprudence.") (emphasis added). Thus, Cantu's confession is not otherwise admissible under *United States v. Walker*, 148 F.3d 518 (5th Cir. 1998), *abrogated on other grounds* by *Texas v. Cobb*, 532 U.S. 162 (2001).

Respectfully Submitted,

BY: _____
VINCENT E. WISELY
TEXAS BAR NO. 24029904
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
(214) 802-5516 Office
(817) 672-5899 Fax

Representing Defendant Bobby Campbell

## CERTIFICATE OF CONFERENCE

I hereby certify that I, VINCENT WISELY, attorney for defendant, did confer with CHRIS WOLFE, the Assistant United States Attorney assigned to this matter, and he is OPPOSED to this motion.

BY: _____
VINCENT E. WISELY
Representing Defendant Bobby Campbell

## CERTIFICATE OF SERVICE

I VINCENT WISELY, hereby certify that on April 11, 2018, the foregoing motion was filed in paper form with the U.S. District Clerk for the Northern District of Texas, with a copy delivered to CHRIS WOLFE, the Assistant United States Attorney assigned to this case.

BY: _____
VINCENT E. WISELY
Representing Defendant Bobby Campbell