

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2018 OCT 11 PM 2: 22

DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| **vs.** | § § § | **CRIMINAL NO. 4:18-CR-239-A** |
| **BOBBY CAMPBELL (01)** | § | |

### MOTION FOR HEARING PURSUANT TO FED. R. EVID. 104
### TO DETERMINE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS
(With Incorporated Memorandum of Law in Support)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JOHN MCBRYDE:

NOW COMES Defendant BOBBY CAMPBELL, by and through his trial counsel and files this Motion for Hearing and would show this Honorable Court as follows:

I

**MOTION**

The Defendant moves the Court to conduct a hearing in advance of trial to determine the admissibility of out of court statements made by any alleged co-conspirators or codefendants in this case that the Government contends are admissible pursuant to Rule 801(d)(2)(E), Federal Rules of Evidence, or otherwise. The Defendant objects to the admissibility of such statements and submits that a pre-trial hearing is necessary to determine the admissibility of such statements if the Government intends to offer such evidence. Those statements are not admissible under the

Federal Rules of Evidence and their admission would violate the Defendant's right to due process of law and to confront the witnesses against them as guaranteed by the Fifth and Sixth Amendments to the United States Constitution. If the Government alleges that such out of court statements of co-conspirators or co-defendants are admissible into evidence before the jury, the Defendants request that the Government be required to reveal those statements and that a pre-trial hearing be conducted to determine whether they are admissible into evidence.

## II

### BRIEF IN SUPPORT

Fed. R. Evid. 801(d)(2)(E) provides that a statement is not hearsay if the statement is offered against a party and is "(E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." "Before admitting a co- conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), .... [t]here must be evidence that there was a conspiracy involving the declarant and the non-offering party, and that the statement was made 'in the course and in furtherance of the conspiracy." *Bourjaily v. United States*, 107 S.Ct. 2775, 2778 (1987).

The existence of the conspiracy and the defendant's involvement in that conspiracy are preliminary questions of fact that, under Rule 104 of the Federal Rules of Evidence, must be resolved by the court. Id. The Government has the burden of proving by a preponderance of the evidence that there was a conspiracy, that the defendant knew of and participated in the conspiracy, and that the statements were made in the course and in furtherance of the conspiracy. Id., at p. 2779; *U.S. v. Silverman*, 44 Cr.L. 2206 (9th Cir. 11-16-88); *U. S. v. Miliet*, 804 F.2d 853 (5th Cir. 1986); *U. S. v. Miller*, 799 F.2d 985 (5th Cir. 1986).

In *Bourjaily*, the court held that the offered statement itself can be considered by the trial judge in determining whether a conspiracy existed, and the defendant was a part of it. However, the statement at issue cannot provide the sole evidentiary support for its own admissibility. "[T]here must be proof 'aliunde,' that is, evidence from another source, that together with the contents of the statement satisfies the preliminary conditions for admission of the statement. *Bourjaily v. United States*, supra, 2784 (concurring opinion, Stevens, J.); *Glasser v. United States*, 315 U.S. 60, 74, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942). *United States v. Perez*, 823 F.2d 854 (5th. Cir. 1987); *U.S. v. Silverman*, supra. This is because out of court statements made by a co-conspirator purporting to implicate others in an unlawful conspiracy are even more suspect than the ordinary out of court statement, which is presumptively unreliable. *U.S. v. Silverman*, supra. "Because of this presumptive unreliability, a co-conspirator's statement implicating the defendant in an alleged conspiracy must be corroborated by fairly incriminating evidence. Evidence of wholly innocuous conduct or statements by the defendant will rarely be sufficiently corroborative of the co-conspirator's statement to constitute proof, by a preponderance of the evidence, that the defendant knew of and participated in the conspiracy." *U.S. v. Silverman*, 44 Cr.L. 2207.

The Supreme Court in *Bourjaily* specifically stated that it was not rendering an opinion on the proper order of proof that a trial court should follow in determining the admissibility of statements under Rule 801(d)(2)(E). *Bourjaily v. United States*, supra, 2779 n. 1. Therefore, that portion of the *James* opinion dealing with the order of proof should not be affected by the *Bourjaily* case. In *James*, the Fifth Circuit held that District Courts should, "whenever reasonably practical, require the showing of a conspiracy and of the connection of the Defendant

with it before admitting the declarations of a co-conspirator." *United States v. James*, 590 F.2d. 575, 582. To admit the co-conspirator's statements into evidence the Government, as a preliminary matter, must put on substantial evidence of a conspiracy and of the Defendant's connection with the conspiracy, sufficient to take the question to the jury. At the end of the trial, on appropriate motion by the defense, the court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence that a conspiracy existed, that the co-conspirator and the Defendant against whom the co-conspirator's statement is offered were members of the conspiracy and that the statement was made during the course and in furtherance of the conspiracy. *United States v. James*, supra, 582.

Fed. R. Evid. 104(c) provides that hearings on preliminary matters shall be conducted outside the hearing of the jury when the interests of justice require. The court in *James* stated that its opinion intended to establish only minimum standards for the admissibility of co-conspirator's statements and that nothing in the opinion should be interpreted as preventing a trial judge from requiring more meticulous procedures to assure that the statements were properly authenticated and that a preponderance of the evidence establishes their admissibility. *United States v. James*, supra,.583.

The admission into evidence of out of court statements of alleged co-conspirators presents evidence against the Defendants that they are unable to cross examine because the declarant is not available to testify in Court. The unavailability of the declarant deprives the Defendant of the ability to cross examine the declarant and to be personally confronted by a witness against him. Despite authority to the contrary, the Defendant contends that the admissibility of such evidence violates his rights to due process of law and to cross examine and

confront the witnesses against him, in violation of his rights under the Fifth and Sixth Amendments of the United States Constitution.

### PRAYER

WHEREFORE, the Defendant prays that a hearing be conducted in advance of trial outside the presence of the jury for the court to determine the admissibility of any co-conspirator's declarations that the Government seeks to have admitted into evidence.

Respectfully Submitted,

BY: _____
VINCENT E. WISELY
TEXAS BAR NO. 24029904
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
(214) 802-5516 Office
(817) 672-5899 Fax

Representing Defendant Bobby Campbell

## CERTIFICATE OF CONFERENCE

I hereby certify that I, VINCENT WISELY, attorney for defendant, did confer with CHRIS WOLFE, the Assistant United States Attorney assigned to this matter, and he is OPPOSED to this motion.

BY: _____
VINCENT E. WISELY
Representing Defendant Bobby Campbell

## CERTIFICATE OF SERVICE

I VINCENT WISELY, hereby certify that on October 11, 2018, the foregoing motion was filed in paper form with the U.S. District Clerk for the Northern District of Texas, with a copy delivered to CHRIS WOLFE, the Assistant United States Attorney assigned to this case.

BY: _____
VINCENT E. WISELY
Representing Defendant Bobby Campbell